**LING XIAO ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General of the United States, Respondent.**

**No. 06–4382–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2008.

Ling Xiao Zheng, Brooklyn, N.Y., pro se.

Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation (Peter D. Keisler, Leslie McKay, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Ling Xiao Zheng, a citizen of the People's Republic of China, seeks review of an August 22, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the May 10, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his applications for asylum, with-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

holding of removal, and relief under the Convention Against Torture. *In re Ling Xiao Zheng*, No. A95 687 582 (B.I.A. Aug. 22, 2006) *aff'g* No. A95 687 582 (Immig. Ct. N.Y. City May 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, in other words, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004). A determination "based on flawed reasoning," however, "will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual error." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted). The Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406.

We conclude that a reasonable fact-finder would not be compelled to reverse the agency's decision in this case. Regarding past persecution, Zheng admitted that the Chinese government never arrested, detained, or mistreated him. And his claim that he experienced mental anguish and economic harm rising to the level of persecution finds no support in the record. As for his claim of a well-founded fear of future persecution, it is based entirely on his belief that the police in China are still looking for him and will punish him for an imputed Falun Gong affiliation.[2] As the BIA noted, however, the evidence in the record casts doubt on Zheng's assertion that Chinese authorities continued looking for him after he arrived in the U.S. Notably, while a letter from Zheng's mother states that policeman had once come to her house looking for Zheng, it does not indicate any *ongoing* inquiry into Zheng's whereabouts. Further, as the IJ observed, Zheng was able to leave China, using his own passport, without incident.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** We note that Zheng does not claim to be a Falun Gong practitioner.